IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LASHUNDA Y. F., § § Plaintiff, § § v. § § KILOLO KIJAKAZI, § ACTING COMMISSIONER OF § SOCIAL SECURITY, § § Defendant. § | No. 3:21-cv-00322-B-BT |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff Lashunda Y. F.'s[1] civil action seeking judicial review pursuant to 42 U.S.C. § 405(g) of a final adverse decision by the Commissioner of Social Security. (ECF No. 1). The District Court referred the case to the United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. (ECF No. 4). For the reasons explained below, the District Court should AFFIRM the Commissioner's decision.

## Background

Plaintiff alleges she is disabled due to lupus, degenerative disc disease with radiculopathy, obstructive sleep apnea, degenerative joint disease, seizures, left

---

[1] The Court uses only Plaintiff's first name and initials as instructed by the May 1, 2018 Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

1

foot pain, obesity, cellulitis in legs, cellulitis in left eye, and depression. Admin. R. 324 (ECF No. 13-1). She was born in 1978 and was 35 years old on her alleged date of disability onset. *Id.* at 27, 285. Plaintiff has a high-school education and can communicate in English. *Id.* at 27, 312. She has past work experience as a collections clerk, customer-order clerk, financial customer-service representative, and accounting clerk. *Id.* at 27.

On August 10, 2018, Plaintiff applied for disability benefits and supplemental security income (collectively, "disability benefits"). *Id.* at 14, 275-82. After her application for disability benefits was denied initially and upon reconsideration by the Commissioner, Plaintiff requested a hearing before an administrative law judge (ALJ) to determine whether she is disabled. *Id.* at 219-20. The hearing occurred on July 27, 2020. *Id.* at 14, 240.

The ALJ subsequently issued a decision finding that Plaintiff is not disabled and is thus not entitled to disability benefits. *Id.* at 29. In her decision, the ALJ went through the legally required five-step analysis "to determine whether (1) the [plaintiff] is presently working; (2) the [plaintiff] has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the [plaintiff] from doing past relevant work; and (5) the impairment prevents the [plaintiff] from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007).

At step one of the five-step sequential evaluation, the ALJ found Plaintiff had not engaged in substantial gainful activity since January 24, 2014. *Id.* at 17. At steps two and three, the ALJ found that Plaintiff had severe impairments of mild lumbar spine degenerative disc disease, systemic lupus erythematosus, history of epilepsy, obesity, generalized anxiety disorder, and major depressive disorder, but Plaintiff's impairments, or combination of impairments, did not meet or equal the severity of any listed impairment in the social security regulations. *Id.* At step four, the ALJ found Plaintiff had the residual functional capacity (RFC) to perform light work with some limitations. *Id.* at 19-20. At step five, relying on the testimony of a vocational expert (VE), the ALJ found that Plaintiff could work as a collator, charge-account clerk, and document preparer—jobs that exist in significant numbers in the national economy. *Id.* at 28. Therefore, the ALJ determined Plaintiff is not disabled. *Id.* at 29.

Plaintiff appealed the ALJ's decision to the Appeals Council. *See id.* at 5. The Council denied review. *Id.* Plaintiff then filed this action in federal district court, in which she contends the ALJ erred in finding her not disabled. Plaintiff argues that the ALJ failed to comply with the applicable legal standards when she determined Plaintiff's disability status and denied benefits. *See generally* Pl.'s Br. (ECF No. 20). Specifically, she contends the ALJ erred in evaluating the persuasiveness of the treating and examining medical source opinions of record.

**Legal Standards**

The Court's "review of Social Security disability cases is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the [ALJ] applied the proper legal standard." *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (citation and internal quotation marks omitted). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Copeland*, 771 F.3d at 923 ("Substantial evidence is more than a mere scintilla and less than a preponderance." (citing *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)) (citation and internal quotation marks omitted)).

The ALJ, and not the courts, resolves conflicts in the evidence; thereafter, the Court may not "reweigh the evidence or try the issues de novo." *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995) (per curiam) (citation omitted). Hence, the Court may not substitute its own judgment for the ALJ's, and it may affirm only on the grounds that the ALJ stated to support the administrative decision. *Copeland*, 771 F.3d at 923 (citation omitted).

**Analysis**

Plaintiff argues the ALJ failed to comply with the applicable legal standards when she determined Plaintiff's disability status and denied benefits by improperly evaluating the persuasiveness of the medical source opinions of record, thereby

failing to create a discernible logic bridge between the evidence and the ALJ's findings. Pl.'s Br. 4.

In a thorough and well-reasoned decision, the ALJ determined that Plaintiff had the RFC to "perform light work as defined in 20 CFR 404.1567(b) and 415.967(b) meaning she can lift and/or carry 20 pounds occasionally and 10 pounds frequently." Admin. R. 19. The ALJ also assigned additional limitations, opining that Plaintiff "can sit up to 6 hours in an 8-hour workday and stand and/or walk up to 4 hours in an 8-hour workday." *Id.* The ALJ further found that Plaintiff "can understand, remember and carry out detailed but not complex instructions, make decisions, attend and concentrate in at least two-hour periods to complete an 8-hour workday, interact adequately with others, and respond appropriately to changes in a routine work setting." *Id.* at 20.

The ALJ determined Plaintiff's RFC "[a]fter careful consideration of the entire record," including Dr. Shade's medical opinion on July 19, 2016, Dr. Jarmon's medical opinion on March 8, 2019, and APN Johnson's medical opinion on July 24, 2020. *Id.* at 17, 25-26. Dr. Shade assigned Plaintiff the following limitations: "no prolonged sitting, standing, walking, bending, kneeling, climbing, stooping, and twisting." *Id.* at 518. Dr. Shade further opined that Plaintiff could "sit up to 4 hours in an 8-hour workday, and stand and/or walk up to 2 hours in an 8-hour workday." *Id.* The ALJ found Dr. Shade's opinion "only somewhat persuasive" because some of the limitations in the opinion were not supported by the totality of the record. *Id.* at 25-26.

5

Dr. Jarmon found that Plaintiff "may have difficulty understanding, remembering, and applying information." *Id.* at 785. Dr. Jarmon also determined that Plaintiff "cannot focus her attention on work activities at an appropriate and consistent pace." *Id.* The ALJ found Dr. Jarmon's opinion unpersuasive because it was "inconsistent with the record, including the mental status examinations, as well as [Dr. Jarmon's] own mental status examination of the claimant." *Id.* at 26.

APN Johnson opined that Plaintiff had "some loss of ability . . . to carry out simple one and two-step instructions," and "substantial loss of ability" to understand and "carry out detailed but involved written or oral instructions." *Id.* at 987. APN Johnson also claimed that Plaintiff had "substantial and extreme loss of ability to sustain concentration and persistence," substantial loss of "ability to act appropriately with the general public," "substantial loss of ability . . . to adapt to changes in a routing work setting," and would be absent "[m]ore than 4 days per month" due to her impairments. *Id.* at 987-88. The ALJ determined APN Johnson's opinion to be "unpersuasive in light of the totality of the record including [Plaintiff's] statements and the mental status examinations." *Id.* at 26.

The ALJ bears the "sole responsibility for determining the [plaintiff's] disability status."[2] *Thibodeaux v. Astrue*, 324 F. App'x 440, 443 (5th Cir. 2009) (citing *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000)). "Determining a

---

[2] 20 C.F.R. §§ 404.1520c and 416.920c provides instruction for evaluating opinion evidence for claims filed on or after March 27, 2017, like Plaintiff's claim in this case filed on August 13, 2018.

6

[plaintiff's RFC] is the ALJ's responsibility, and [the ALJ] has the authority and duty to weigh the evidence and reach any conclusion supported by substantial evidence." *Gonzales v. Astrue*, 231 F. App'x 322, 324 (5th Cir. 2007) (per curiam). After reviewing the hearing decision and the administrative record, the Court finds that Plaintiff has not shown that the ALJ failed to follow the applicable legal standards. The ALJ properly considered Dr. Shade's, Dr. Jarmon's, and APN Johnson's opinions while adequately articulating the relevant supportability and consistency factors.

When considering medical opinions, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)." 20 C.F.R. §§ 404.1520c(a) & 416.920c(a); *Stephens v. Saul*, 2020 WL 7122860, at *5 (N.D. Tex. Dec. 4, 2020) (Ramirez, J.) (citation omitted); *accord Winston v. Berryhill*, 755 F. App'x 395, 402 n.4 (5th Cir. 2018) (citation omitted). The ALJ must explain the persuasiveness of medical opinions. 20 C.F.R. §§ 404.1520c(b), 416.920c(b). To determine the persuasiveness of each medical opinion, the ALJ considers supportability, consistency, relationship with the plaintiff,[3] specialization, and other factors that tend to support or contradict a medical opinion. *Id.* §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5). The most

---

[3] When the ALJ determines the medical professional's relationship with the plaintiff, the ALJ considers length of treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of treatment relationship, and examining relationship. 20 C.F.R. §§ 404.1520c(c)(3), 416.920c(c)(3).

important factors are supportability and consistency. *Id.* §§ 404.1520c(b)(2), 416.920c(b)(2).

An ALJ will discuss how he considered the supportability and consistency factors for a medical source's medical opinions in his determination or decision. *Id.* "At a minimum, the ALJ's discussion [of these factors] must give enough reasons to permit meaningful judicial review." *Hubbard v. Comm'r of Soc. Sec.*, 2022 WL 196297, at *4 (N.D. Tex. Jan. 21, 2022) (Ray, J.) (citations omitted). The ALJ may, but is not required to, explain how he considered the remaining factors. *Id.* When a medical source provides multiple medical opinions, the ALJ will articulate how he "considered the medical opinions . . . from that medical source together in a single analysis using the factors," but he is not required to articulate how he considered each medical opinion from one medical source individually. *Id.* §§ 404.1520c(b)(1), 416.920c(b)(1).

"[F]undamentally, the ALJ cannot reject a medical opinion without an explanation." *Kneeland v. Berryhill*, 850 F.3d 749, 759-60 (5th Cir. 2017) (citation and internal quotations omitted); *accord Winston*, 755 F. App'x at 398. In explaining a rejection of a physician's opinion, the ALJ does not have "to state the weight given to each symptom and diagnosis in the administrative record." *Michelle K. M. v. Berryhill*, 2019 WL 1243355, at *13 (N.D. Tex. Mar. 18, 2019) (Ramirez, J.). An "ALJ's failure to mention a particular piece of evidence does not necessarily mean that [the ALJ] failed to consider it" when "the ALJ's decision states explicitly that [the ALJ] considered the entire record in [the ALJ's]

8

decision." *Hammond v. Barnhart*, 124 F. App'x 847, 851 (5th Cir. 2005). There is not a "statutorily or judicially imposed obligation for the ALJ to list explicitly all the evidence he takes into account in making his findings." See *Hammond*, 124 F. App'x at 851.

In arriving at her RFC determination in this case, the ALJ explained that she "considered all [Plaintiff's] symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." Admin. R. 20, 22. The ALJ also considered "the medical opinion[s] and prior administrative medical finding[s]." *Id.* at 20. Finally, the ALJ determined the RFC after "careful consideration of the entire record." *Id.* at 19.

Plaintiff, however, contends that the ALJ "failed to build a logic bridge between the evidence and [her] persuasiveness findings," because the ALJ "failed to specify which limitations assessed by Dr. Shade were persuasive and which were not persuasive." Pl.'s Br. 15-16. According to Plaintiff, the ALJ "failed to provide specific reasons for rejecting limitations other than the limitation to a total of 4 hours siting." *Id.* at 16. Plaintiff argues that because of the ALJ's lack of explanation, the Court is unable to undertake a meaningful review. *Id.*

In her decision, the ALJ accurately and succinctly summarized the relevant legal standards for evaluating medical opinion evidence. Admin R. 24. Then, applying those standards, the ALJ concluded that Dr. Shade's opinions were only somewhat persuasive because some of the limitations were "not supported by the totality of the record." *Id.* at 25. The ALJ explained that some medical evidence in

9

the record was directly contrary to Dr. Shade's opinion that Plaintiff could only sit for four hours. *Id.* at 26.[4] In support, the ALJ cited a January 9, 2017 examination in which Plaintiff was sitting with normal neurological symptoms; a February 6, 2017, examination where she showed no tenderness in her extremities, had a normal range of motion, and no cyanosis; a July 1, 2018, examination where she exhibited no tenderness in her extremities, had a normal range of motion, no cyanosis, no edema, and no unilateral leg swelling or calf tenderness; and a February 1, 2020, examination where she experienced a normal range of motion. *Id.* at 525, 537, 584, 808. By citing this evidence and connecting it to Dr. Shade's opinion regarding Plaintiff's ability to sit, the ALJ adequately considered the supportability and consistency factors that contradict Dr. Shade's medical opinion. Moreover, Plaintiff fails to show why this discussion is insufficient to allow for judicial review. The ALJ thus appropriately considered and resolved conflicts in the evidence, and she built a discernible logical bridge between the persuasiveness of Dr. Shade's opinions and those opinions' supportability by and consistency with the record as a whole.

---

[4] This portion of the ALJ's opinion contains an obvious scrivener's error. While the ALJ wrote "the observations to do indicate a problems sitting," it is evident from context that the ALJ meant to write "these observations do *not* indicate a problem sitting." When, as here, an ALJ's intent is apparent, such a scrivener's error may be excused. *Galvan v. Berryhill*, 2018 WL 993882, at *3 n.3 (S.D. Tex. Feb. 21, 2018) (citing *Dukes v. Colvin*, 2015 WL 1442988, at *4 (N.D. Tex. Mar. 31, 2015) (Stickney, J.)).

Similarly, Plaintiff contends that the ALJ only found Dr. Jarmon and APN Johnson's opinions "unpersuasive" because the ALJ "selectively chose to ignore all [or] most all of the reported findings that were most relevant to [Plaintiff's] debilitating conditions, her depression and anxiety." Pl.'s Br. 19. But the ALJ explained that she found Dr. Jarmon's opinion "inconsistent with the record, including the mental status examinations, as well as her own mental status examination of the client." Admin. R. 26. The ALJ noted that Plaintiff, during her examination with Dr. Jarmon on February 22, 2019, was casually dressed for the interview, had a pleasant and cooperative attitude, was alert with adequate memory, and reported that she could take care of her personal needs. *Id.* at 783-84. The ALJ further explained that the Plaintiff reported her depression was under control during her May 9, 2019, examination with APN Johnson–thus contravening Dr. Jarmon's opinion. *Id.* at 791.

Regarding APN Johnson, the ALJ found her opinion to be "unpersuasive in light of the totality of the record including the claimant's statements and the mental status examinations." *Id.* at 26. The ALJ noted that Plaintiff was alert with normal mood and affect during her examination on February 1, 2018; had normal speech, logical and organized thought processes, exhibited fair judgment and insight, was alert and oriented, and had intact recent and remote memory during her examination on September 11, 2018; was observed to be appropriately dressed and groomed, had normal speech, fair judgment and insight, was alert and oriented, and had intact memory with normal mood and affect during her

11

examination on February 9, 2019; and was cooperative, with normal speech, fair judgment and insight, was alert and oriented, and had intact recent and remote memory during her examination on June 5, 2020. *Id.* at 565, 744, 731, 978.

The ALJ complied with the applicable legal standards when evaluating Dr. Jarmon's and APN Johnson's medical opinions. By identifying specific deficiencies in each opinion, and connecting those deficiencies to contravening evidence, the ALJ properly explained the supportability and consistency factors. *See Hubbard*, 2022 WL 196297, at *4 (holding that an ALJ adequately explained the supportability and consistency factors by describing the opinion as extreme and identifying a dearth of evidence supporting the opinion). And, once again, Plaintiff fails to persuasively demonstrate that the ALJ's discussion of these opinions impedes judicial review. Accordingly, Plaintiff fails to demonstrate that the ALJ failed to comply with the applicable legal standards, and the ALJ's decision should be affirmed.

## Recommendation

Because Plaintiff fails to demonstrate that the ALJ did not apply the proper legal standards when determining that Plaintiff is not disabled within the meaning of the Social Security Act, the District Court should AFFIRM the hearing decision in all respects.

**SO RECOMMENDED.**

**SIGNED ON** July 14, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).